Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5062 | **DATE** | 9/18/2001 |
| **CASE TITLE** | Washington vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Washington's motion (Doc 20-2) to reconsider is denied and we decline to issue a certificate of appealability. All other pending motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 SEP 18 PM 4:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES E. WASHINGTON, )
)
    Petitioner Pro Se, )
)
vs. ) 98 C 5062
)
UNITED STATES OF AMERICA, )
)
    Respondents. )

DOCKETED
SEP 19 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Petitioner James Washington's motion to reconsider our February 2, 1999, denial of his § 2255 Motion For the reasons that follow, we deny the motion.

### BACKGROUND

In 1996, James Washington ("Washington") was tried and convicted for bank robbery. This was his third violent felony, so he received a sentence of life in prison pursuant to the "three strikes" statute. 18 U.S.C. § 3559. He filed a petition to vacate his sentence on August 14, 1998. That motion was denied on February 2, 1999. Washington contends that he never received notice of the ruling on his petition, and he filed a writ of mandamus to compel decision on his motion on April 18, 2000, and a



supplemental reply to the government's response in December 2000. He attests that he did not receive notice of the February 1999 judgment until he requested and received a copy of the docket report in August 2, 2001. He was therefore outside of the customary 10-day time frame to seek appellate review of our actions. Accordingly, on August 9, 2001, he filed the instant action, asking us to vacate our prior judgment, apparently to allow him to seek a certificate of appealability within the required time limits.

## DISCUSSION

Washington titles his motion as a "Petition to Vacate Judgment and Reconsider and Reinstate Petitioner Motion." Based on the circumstances of the case, we will first assume that he intended to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). According to that rule, a court may provide relief for a judgment or order under appropriate circumstances, such as mistake, surprise, excusable neglect, new evidence, or misconduct of an adverse party, that are of such a degree that they threaten the justice of the underlying judgment. United States v. Guth, 1997 WL 126992 (N.D. Ill. Mar. 13, 1997). However, a Rule 60(b) motion is not a substitute for appeal. Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 553-554 (7th Cir. 1996). The rule was intended only to address only the categories of mistakes listed in the rule, and not to correct erroneous applications of law. Russell v. Delco Remy Div. of General Motors, 51 F.3d 746, 749 (7th Cir. 1995).

Washington presents no grounds on which to base a conclusion that our previous judgment was somehow deficient in a way that would allow relief under Rule 60(b), however. Our review of the proceedings also yields no trace of such a fundamental defect. As such, this court has no choice but to deny his motion inasmuch as it seeks relief under 60(b).

We may not stop there, however. It is well established that a district court must "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald, 95 F.3d at 555. Because the nature of this case strongly suggests that Washington is actually seeking a certificate of appealability after our denial of his petition. Washington's chief contention is that he was precluded from taking appropriate timely action in response to our denial because he never received notice of it. We therefore construe his motion to be an application for a certificate of appealability and address it accordingly.

Before a prisoner may appeal a habeas corpus decision, a circuit justice or district judge must issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). Assuming that Washington did not receive notice of the judgment, we must consider whether his application is timely.

To comply with all applicable procedural prerequisites to appeal, a prisoner must file a notice of appeal within 10 days of the entry of final judgment. Fed. R. App. Proc. 4(b). If this case had proceeded normally, Washington had until February 13, 1999 to

file a timely notice of appeal. However, a district court can grant an extension of the time in which to file an appeal. Reinsurance Co. of America, Inc., v. Administratia Asigurarilor de Stat, 808 F.2d 1249, 1251 (7th Cir. 1987). Specifically, the court may reopen the time for filing an appeal if the motion for extension is filed within 7 days after the prisoner learns of the judgment, notice of the judgment had not been received by the prisoner within 21 days of the judgment, and no party will be prejudiced. Fed. R. App. P. 4(a)(6). We reiterate that Washington has not styled this motion as a notice of appeal or an application for a certificate of appealability, but he did take action with this court within 7 days of the time he claims he learned of our judgment. We therefore will not hold him to perfect compliance with these rules. United States v. Roberts, 749 F.2d 404, 407 (7th Cir. 1984), *abrogated on other grounds by* Libretti v. United States, 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995). He has complied with the underlying purpose of the time limits, which is to prevent parties from allowing extended periods of time to expire before seeking review of a court's actions. Files v. City of Rockford, 440 F.2d 811, 814 (7th Cir. 1971); Redfield v. Continental Casualty Corp., 818 F.2d 596, 603 (7th Cir. 1987). Based on the circumstances of this case and taking Washington's pro se status into account, we consider his application timely filed and proceed to the merits of his application.

Section 2253 provides that certificates will not issue unless the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C.

§ 2253(c)(2). The requisite showing does not mean that petitioners must prove that they would prevail on the merits. See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Instead, the test is whether the questions the prisoner presents are "debatable among jurists of reason," that a court could resolve the matter differently, or that the questions are deserving of further encouragement. Id.

We therefore turn to the specifics of our denial of Washington's original petition. The petition raised five arguments as to why Washington thought he was entitled to habeas: insufficiency of evidence, use of perjured testimony, ineffective assistance of counsel, invasion of the province of the jury, and dismissal of charges after a verdict was rendered. United States v. Washington, 1999 WL 59974, at *2-*4 (N.D. Ill. Feb. 3, 1999). Upon reexamination of our resolution of these arguments, we can find nothing that would qualify as a denial of a constitutional right sufficient to warrant a certificate of appealability.

The decision as to the sufficiency of the evidence was based on Washington's stipulation in open court as well as the findings at both the trial and appellate levels regarding the sufficiency of the government's proof. Therefore, because the evidence to which Washington stipulated has been found sufficient by two different courts on three different occasions, Washington's constitutional rights were adequately protected on that issue.

As to the contentions regarding the knowing use of perjury during the trial, Washington gave no reasonable basis on which to conclude that any perjured testimony was given at his trial, let alone that the prosecutor knowingly presented it. Without such a basis, reasonable jurists could not disagree that Washington has not shown a denial of a constitutional right in that area. As to the corollary to that argument that the government illegally procured testimony by making plea bargains, Seventh Circuit law could not be clearer that plea bargains do not violate 18 U.S.C. § 201. See United States v. Condon, 170 F.3d 687, 688-689 (7th Cir. 1999).

We turn then to the claims of ineffective assistance of counsel, which are similarly insufficient to support the issuance of a certificate of appealability. Washington had advanced two positions tied to his attorney's actions regarding what he claims was insufficient evidence and perjured testimony. Even if Washington's attorney's choices were not solidly within the area of trial strategy and thus not amounting to ineffective assistance, the issues on which he bases his arguments are without merit, as discussed above.

Washington's claim regarding jury instructions about trial stipulations of the FDIC-insured status of the banks he robbed cannot support the kind of uncertainty that would warrant a certificate of appealability. It is settled law in the Seventh Circuit that, except in limited circumstances, stipulations made at trial are binding. United States v. Wingate, 128 F.3d 1157, 1160 (7th Cir. 1997) (citing Graefenhain v. Pabst Brewing

Co., 870 F.2d 1198, 1206 (7th Cir.1989)). The subject matter of the stipulations made in this case and its binding effect on Washington are simply not issues about which reasonable jurists could disagree.

The final argument that Washington raised in his initial petition involved dismissal of charges against him after a verdict was rendered. The facts surrounding our initial assessment of the merits of this argument have not changed, nor has the fact that they can lead to only one conclusion. None of the charges upon which Washington's conviction and sentence rested were dismissed. Furthermore, the rule of procedure that Washington claims was violated, Federal Rule of Criminal Procedure 48(a), by its own terms does not apply to dismissals filed after a trial is completed. There is no conceivable way that these facts could present an appealable question.

## CONCLUSION

For the foregoing reasons, Washington's motion to reconsider is denied and we decline to issue a certificate of appealability.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: September 18, 2001